UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| MARIE A. KEYES, | ) |
| | ) |
|       Plaintiff, | )   Case No. 1:07-cv-800 |
| | ) |
| v. | )   Honorable Janet T. Neff |
| | ) |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY, | )   **REPORT AND RECOMMENDATION** |
| | ) |
|       Defendant. | ) |
| | ) |

This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB) or supplemental security income (SSI) benefits. Plaintiff filed her application for DIB benefits on May 6, 2003. (A.R. 61-63). Approximately a year later, on May 12, 2004, plaintiff filed her application for SSI benefits.[1] (A.R. 442-45). Plaintiff claimed a July 11, 2001 onset of disability. (A.R. 61, 442). Plaintiff's claims were consolidated for hearing after they were denied on initial review. On November 23, 2004, plaintiff received a hearing before an administrative law judge (ALJ) at which she was represented by counsel. (A.R. 452-500). Plaintiff testified that on July 11, 2002, she had injured her left shoulder at work. (A.R.

---

[1] May 6, 2003 and May 12, 2004 dates are the protective filing dates the Social Security Administration assigned to plaintiff's applications for DIB and SSI benefits. "A protective filing date is the date the claimant first contacts the Social Security Administration about filing for benefits." *Wening v. Astrue*, No. 3:06 cv 300, 2008 WL 859031, at * 1 n.2 (S.D. Ohio Mar. 31, 2008). Plaintiff did not sign her application for DIB benefits until June 20, 2003. (A.R. 63). She signed her application for SSI benefits on May 28, 2004.

457-59).[2] She stated that she was right-hand dominant (A.R. 457), but she felt that her left shoulder injury prevented her from working (A.R. 465), and that her left shoulder problem became "worse" following the surgery performed on January 27, 2003 by Herman Hoeksema, M.D. (A.R. 466). Plaintiff testified that in August of 2003 she had been diagnosed with diabetes mellitus. (A.R. 466, 71), She stated that it was about the time her diabetes was diagnosed that she began experiencing pain in her right hand and in her legs. (A.R. 489-90).

On November 23, 2004, plaintiff amended her alleged onset of disability date from July 11, 2001 (A.R. 61, 442) to April 14, 2003 (A.R. 119). Plaintiff's attorney filed this amendment in light of plaintiff's hearing testimony, and because April 14, 2003, was the date that Ronald Chusid, D.O, a treating physician, observed the bilateral leg edema (A.R. 269), which eventually led to the August 2003 diagnosis of plaintiff's diabetes mellitus. (A.R. 466).

On March 8, 2005, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 13-23). On June 29, 2007, the Appeals Council denied review (A.R. 4-6), and the ALJ's decision became the Commissioner's final decision. On August 17, 2007, plaintiff filed her complaint seeking judicial review of the Commissioner's decision denying her claims for DIB and SSI benefits.

Plaintiff argues that the court should overturn the Commissioner's decision on three grounds:

I. THE ALJ VIOLATED THE TREATING PHYSICIAN RULE.

II. THE ALJ LACKED SUFFICIENT CAUSE TO REJECT PLAINTIFF'S REPORTED SYMPTOMS.

---

[2] Plaintiff received worker's compensation benefits from August 21, 2001 through December 23, 2003, and in June 2004 plaintiff settled her worker's compensation claim. (A.R. 490-91).

  III.  THE ALJ RELIED ON AN INCOMPETENT VOCATIONAL EXPERT'S OPINION AS TO A SIGNIFICANT NUMBERS OF AVAILABLE JOBS.

(Statement of Errors, Plaintiff's Brief at 2, docket # 7). It is only necessary to address the first of these arguments, because the ALJ did not comply with the requirements of the treating physician rule. Accordingly, I recommend that the Commissioner's decision be reversed and that the matter be remanded to the Commissioner for further administrative proceedings.

**Standard of Review**

  When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston*, 245 F.3d at 534 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528; *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record

substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

### Discussion

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from her alleged onset of disability of "April 1, 2002"[3] through the date of the ALJ's decision. Plaintiff had not engaged in substantial gainful activity since her alleged onset of disability. Plaintiff had severe impairments of "degenerative changes of the left acromioclavicular joint [status-post arthroscopic debridement of the glenohumeral joint, subacromial decompressions and distal clavicle resection], insulin dependent diabetes mellitus, an affective disorder [depression]

---

[3]Nothing in the record explains why the ALJ referred to plaintiff's alleged onset of disability as April 1, 2002, rather than April 14, 2003.  (A.R. 119).

and an anxiety-related disorder." (A.R. 22). The ALJ found that plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. The ALJ determined that plaintiff's subjective complaints were not fully credible. (A.R. 19). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a limited range of light work:

> The claimant is able to lift up to twenty pounds occasionally and up to ten pounds frequently. The claimant is able to stand or walk for about six out of eight hours and to sit for six out of eight hours. She is limited in left upper extremity use for the operation of any hand control. She is able to occasionally climb stairs or ramps, and to occasional balancing, stooping, kneeling and crouching. She is limited to only occasional handling or gross manipulation with the left arm and she must avoid exposure to hazardous machinery or unprotected heights. The claimant is limited to simple, routine and repetitive tasks.

(A.R. 22). Plaintiff was unable to perform her past relevant work. Plaintiff was forty-seven years old as of the date of the ALJ's decision. Thus, plaintiff was classified as a younger individual. The ALJ found that plaintiff has a high school education. Plaintiff did not have transferable job skills. The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age and with her RFC, education, and work experience, the VE testified that there were approximately 4,500 jobs in the State of Michigan that the hypothetical person would be capable of performing. (A.R. 494-95). The ALJ held that this constituted a significant number of jobs. Using Rule 202.20 of the Medical-Vocational Guidelines as a framework, the ALJ found that plaintiff was not disabled. (A.R. 13-23).

**1.**

The ALJ found that plaintiff retained the RFC for a limited range of light work, and that plaintiff was "limited in left upper extremity use for the operation of any hand control" and

"limited to only occasional handling or gross manipulation with the left arm." (A.R. 22). Plaintiff argues that the ALJ violated the treating physician rule because the ALJ's RFC determination failed to include restrictions imposed by plaintiff's treating surgeon, Herman D. Hoeksema, M.D., regarding plaintiff's use of her left arm:

> Q   Doctor, you noted on 2-10-04, you did not feel she was capable of working using the upper left extremity. Looking back on this case in hindsight, is that basically your opinion since the first time that you treated her?
>
> A   Yes.

(Plf. Brief at 7) (quoting A.R. 408).

On January 27, 2003, Dr. Hoeksma has performed the following surgical procedures on plaintiff's left shoulder: "diagnostic laproscopy, arthroscopic debridement, distal clavicular resection arthroplasty . . . with acromioplasty." (A.R. 222-26). On June 2, 2004, Dr. Hoeksema gave deposition testimony in plaintiff's worker's compensation case. (A.R. 394-419). Plaintiff claimed that she had been injured on July 11, 2001, when the plastic tank she had been holding above her head fell and hit her left shoulder. (A.R. 403). Plaintiff's attorney asked Dr. Hoeksema to assume that on July 11, 2001, plaintiff and a fellow employee had been lifting a rectangular plastic tank[4] to stack it on two other tanks, when the tank they were lifting fell and struck plaintiff's left shoulder. Dr. Hoeksema testified that, in his opinion, the injury plaintiff sustained on July 11, 2001, and plaintiff's subsequent work attempt on July 16, 2001,[5] had contributed to plaintiff's shoulder condition necessitating the January 2003 surgery. (A.R. 404-05). It was in this worker's compensation context that plaintiff's attorney elicited the above-quoted testimony from Dr.

---

[4]The record indicates that this tank weighed approximately 120 pounds. (A.R. 211).

[5]On July 16, 2001, plaintiff performed some light work for her employer.

Hoeksema. Nevertheless, the ALJ did not have license to disregard the restrictions plaintiff's treating surgeon had imposed regarding plaintiff's use of her left upper extremity.

The ALJ never addressed Dr. Hoeksema's testimony regarding restrictions on plaintiff's ability to perform work using her left upper extremity. The ALJ simply stated, "While the undersigned has carefully reviewed the treatment records and opinion statements of treating and examining physicians, no physician has indicated that the claimant has disabling or work-preclusive limitations."[6] (A.R. 19). This sentence does not suffice as analysis under the treating physician rule.

"Because treating physicians are 'the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone,' their opinions are generally accorded more weight than those of non-treating physicians. 20 C.F.R. §[§ 404.1527(d)(2),] 416.927(d)(2). Therefore, if the opinion of the treating physician as to the nature and severity of a claimant's conditions is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record,' then it will be accorded controlling weight." *Rogers v. Commissioner*, 486 F.3d 234, 242 (6th Cir. 2007)(quoting *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004)). The ALJ

---

[6] The issue of whether the claimant is disabled within the meaning of the Social Security Act is reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e), 416.927(e); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004); *see also Gaskin v. Commissioner*, No. 07-1130, 2008 WL 2229848, at * 2 (6th Cir. May 30, 2008)("A physician's opinion that a claimant is disabled is entitled to no deference because it is the prerogative of the Commissioner, not the treating physician, to make a disability determination."); *Stiltner v. Commissioner*, 244 F. App'x 685, 689 (6th Cir. 2007)("As an initial matter, we note that the determination of disability is ultimately the prerogative of the Commissioner, not the treating physician.").

did not explain why Dr. Hoeksema's opinions regarding the restrictions on plaintiff's left upper extremity were not entitled to controlling weight.[7]

In cases where a treating physician's opinion is not entitled to controlling weight, the regulations provide that in the process of determining what weight the treating physician's opinion is to be given, the ALJ is to consider a number of factors, "including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors." *Rogers v. Commissioner*, 486 F.3d at 242; *see Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions* , SSR 96-2p (reprinted at 1996 WL 374188 (SSA July 2, 1996)); 20 C.F.R. §§ 404.1527(d), 416.927(d)(2); *see also Turner v. Commissioner*, 267 F. App'x 456, 460 (6th Cir. 2008); *Anthony v. Astrue*, 266 F. App'x 451, 458-59 (6th Cir. 2008). The ALJ's opinion did not address these factors.

Finally, there is a " procedural" requirement associated with the treating physician rule, which dictates that the ALJ provide "good reasons" for discounting a treating physician's opinions. The reasons must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Rogers v. Commissioner*, 486 F.3d at 242; *Smith v. Commissioner*, 482 F.3d at 875-76; *Wilson*, 378 F.3d at 544. "This is a procedural safeguard ensuring that the claimant understands the disposition of his or her case, and that the ALJ provides a record upon which meaningful judicial review may

---

[7]A treating physician's opinion is not entitled to controlling weight if it is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

obtain." *Kidd v. Commissioner*, No. 07-6111, 2008 WL 2564784, at * 4 (6th Cir. June 25, 2008). The ALJ's opinion does not satisfy the procedural component of the treating physician rule.

In summary, the ALJ did not comply with the requirements of the treating physician rule. I recommend that the Commissioner's decision be vacated, and the matter remanded to the Commissioner for further proceedings.

**2.**

Plaintiff requests that the court order the Commissioner to award benefits. (Plf Brief at 13). The administrative record does not support the extraordinary relief plaintiff requests. *See Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994) ("A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking."); *Faucher v. Secretary of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Kennedy v. Astrue*, 247 F. App'x 761, 768 (6th Cir. 2007); *Kornecky v. Commissioner*, 167 F. App'x 496, 512 (6th Cir. 2006). Plaintiff's proof of disability is far from overwhelming.

### Recommended Disposition

For the reasons set forth herein, I recommend that the Commissioner's decision be vacated, and the matter remanded for further administrative proceedings.

Dated: July 7, 2008     /s/ Joseph G. Scoville
                        United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *McClanahan v. Commissioner*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).